# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **BYRON GREENE**, |
| Plaintiff, |
| v. |
| **CHAD GRAMS**, *et al.*, |
| Defendants. |

Case No. 1:18-cv-00725 (TNM)

## **MEMORANDUM AND ORDER**

This negligence case arises out of an auto accident in northeast Washington, D.C. Chad Grams' tractor trailer collided with a car driven by Byron Greene at the intersection of Benning Road and Maryland Avenue. Mr. Grams' employer, USA Truck, Inc., admits that he was acting within the scope of his employment at the time of the accident and now moves for summary judgment on Mr. Greene's direct negligence claims against the company. Mr. Greene, however, seeks to amend his Complaint to add punitive damages against both Defendants, citing Mr. Grams' poor driving record. For the reasons stated below, the Court will grant the Defendants' Motion for Summary Judgment and deny Mr. Greene's Motion to Amend.

## I.

Mr. Greene stopped at a red light at the intersection of Benning Road NE and Maryland Avenue NE on the evening of March 30, 2016. Compl. ¶ 7, ECF No. 1-1.[1] When the light turned green, he entered the intersection heading westbound. *Id.* ¶ 8. Meanwhile, Mr. Grams was driving his tractor trailer northbound on Maryland Avenue towards the intersection. *Id.* ¶ 9.

---

[1] The facts of the accident are uncontested, and the only remaining question is the damages proximately caused by the collision. *See* Answer at 1–2, ECF No. 8.

Mr. Grams failed to stop as his light changed from yellow to red, and the two vehicles collided. *Id.*; *see also* Grams Dep. at 13, ECF No. 23-1.[2]

Mr. Greene sued, claiming that he had permanent physical and emotional injuries from the accident. He brought a simple negligence claim against Mr. Grams. Compl. ¶ 32. He also alleged that USA Truck was vicariously liable for Mr. Grams' negligence. *Id.* ¶ 33. USA Truck admits that Mr. Grams caused the accident while acting within the scope of his employment. Answer at 1, ECF No. 8. Mr. Greene also asserted direct negligence claims against USA Truck for negligent entrustment and negligent hiring, training, and supervision. Compl. ¶¶ 34–35.

This was not Mr. Grams' first strike as a driver, and Mr. Greene cites Mr. Grams' driving record and criminal history to justify amending his Complaint to add claims for punitive damages against Mr. Grams and USA Truck. *See* Pl.'s Mot. to Amend ("Mot. to Amend") at 1–2, ECF No. 23. But as explained below, Mr. Greene's proposed amendment is futile. Meanwhile, USA Truck seeks summary judgment on Mr. Greene's direct negligence claims. Mot. for Partial Summ. J. at 1–2, ECF No. 24. It argues that because it has admitted that Mr. Grams was its agent at the time of the accident, Mr. Greene's direct negligence claims are duplicative and unnecessary. *Id.*

## II.

Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A fact is "material" if it can affect the substantive outcome of the litigation. *Liberty Lobby*, 477 U.S. at 248. And a dispute is "genuine" if the evidence is such that a reasonable jury could return a

---

[2] All citations are to the page numbers generated by this Court's CM/ECF system.

verdict for the nonmoving party. *Id.* In making that determination, the Court must view the evidence in the light most favorable to the nonmoving party, draw all inferences in its favor, and avoid making credibility determinations or weighing the evidence. *Calhoun v. Johnson*, 632 F.3d 1259, 1261 (D.C. Cir. 2011).

### III.

The Defendants are entitled to summary judgment on Mr. Greene's direct negligence claims against USA Truck.[3] USA Truck admits that it is vicariously liable for Mr. Grams' negligence. Answer at 1. Under the "*McHaffie* Rule," when an employer acknowledges vicarious liability for its employee's negligence, a plaintiff's direct claims against the employer are barred. *See McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995); *see also Ferrer v. Okbamicael*, 390 P.3d 836, 843–44 (Colo. 2017) (collecting cases).

The rule originates from *Houlihan v. McCall*, 78 A.2d 661 (Md. 1951). *See Ferrer*, 390 P.3d at 842. The facts of *Houlihan* foreshadow this case. A truck driver collided with the plaintiffs' car at an intersection. *Houlihan*, 78 A.2d at 662–63. The plaintiffs sued both the truck driver and his employer for negligence, and they sued the employer for negligent hiring, citing the truck driver's poor driving record. *See id.* at 664. The employer acknowledged an agency relationship with the truck driver before trial, but the trial court still allowed the plaintiffs to enter evidence about the truck driver's past infractions. *Id.* at 664–65.

Maryland's highest court determined that, because the employer had admitted the truck driver was its agent, "it was quite unnecessary to pursue the alternative theory [of direct negligence] in order to hold the corporate defendant [liable]." *Id.* at 665. So it reversed the trial court's decision to admit evidence of the driver's driving record, concluding that where an

---

[3] The Defendants removed this action from D.C. Superior Court under 28 U.S.C. § 1441. Notice of Removal at 1–3, ECF No. 1. The Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332. *See id.*

3

employer admits agency, an employee's driving record "can serve no purpose except to inflame the jury." *Id.* at 666.

To be sure, some jurisdictions have adopted a different rule. They allow plaintiffs to hold an employer "liable for injuries caused by it own independent negligence . . . *and*, at the same time, under the doctrine of *respondeat superior* for the injuries cause by its employee's negligent behavior." *MV Transp., Inc. v. Allgeier*, 433 S.W.3d 324, 335 (Ky. 2014) (emphasis in original). Those courts reason that "[j]ust as an employee can act to cause another's injury . . . so can an employer be independently liable in tort." *See James v. Kelly Trucking Co.*, 661 S.E.2d 329, 330 (S.C. 2008)

But the D.C. Court of Appeals would likely follow *Houlihan*'s reasoning. Other federal courts in this Circuit have reached the same conclusion. *See, e.g., Hackett v. Wash. Metro. Area Transit Auth.*, 736 F. Supp. 8, 9–11 (D.D.C. 1990). "Where there is no D.C. common law on point, the courts of this jurisdiction are instructed to 'look to the law of Maryland for guidance' because D.C. common law is based on Maryland common law." *Smith v. Summers*, 334 F. Supp. 3d 339, 342 (D.D.C. 2018) (quoting *Conesco Indus., Ltd. v. Conforti & Eisele, Inc., D.C.*, 627 F.2d 312, 315–16 (D.C. Cir. 1980)). And the landmark *Houlihan* case is from Maryland.

In *Hackett*, a bus passenger sued the bus driver and the driver's employer, Washington Metropolitan Area Transit Authority ("WMATA"), for personal injuries sustained in a bus accident. 736 F. Supp. at 8–9. After WMATA admitted that the bus driver was acting within the scope of his employment, the court dismissed the plaintiff's direct liability claims. *Id.* at 9–11.

Citing *Houlihan*, the court held the plaintiff could "not proceed against the owner of [the] motor vehicle under a theory of negligent hiring or retention where the owner admits that the driver was operating the vehicle within the scope of his employment." *Id.* at 9–10. And the D.C.

4

Circuit has favorably cited *Hackett*'s conclusion. *See Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1216 (D.C. Cir. 1997) (citing *Hackett* to raise "serious reservations" about the district court's denial of a motion to dismiss a negligent hiring claim where WMATA had admitted agency). Given USA Truck's admission that it would be vicariously liable for Mr. Grams' negligence, Mr. Greene's claims for negligent hiring and negligent entrustment "would be prejudicial and unnecessary and should be dismissed." *Hackett*, 736 F. Supp. at 11.

A few courts applying the *McHaffie* Rule recognize an exception for direct negligence claims when the plaintiff seeks punitive damages. *See, e.g.*, *Clooney v. Greeting*, 352 So.2d 1216 (Fla. App. 1977). The parties have cited no D.C. case law on the issue, and "Maryland courts do not appear to have addressed the question." *Villalta v. B. K. Trucking & Warehousing, LLC*, 2008 WL 11366412, at *6 (D. Md. Aug. 4, 2008).[4] Even so, the Court finds that the exception is logically inconsistent with the rule and thus declines to recognize an exception here.

The crux of the *McHaffie* Rule is that direct negligence claims against an employer are barred once the employer concedes vicarious liability for any negligence of its employee. With Mr. Greene unable to collect compensatory damages for his direct negligence claims against the employer, punitive damages cannot attach. Indeed, "[a]n award of punitive damages cannot stand alone, unaccompanied by compensatory damages." *Bernstein v. Fernandez*, 649 A.2d 1064, 1073 (D.C. 1991); *see also Thorne v. Contee*, 565 A.2d 102, 112 (Md. Ct. Spec. App. 1989) ("We hold that there must be an award of some compensatory damages under the count wherein punitive damages are claimed before there can be an award of punitive damages thereunder."). Put differently, punitive damages are not a separate cause of action. So it would

---

[4] In *Hackett*, the court did not consider whether the District of Columbia would adopt the exception because even though WMATA did "not quarrel with the holding in *Clooney*," the plaintiff's complaint "d[id] not raise a punitive damages claim." *See* 736 F. Supp. at 10–11.

be illogical and inconsistent with D.C. tort law to allow Mr. Greene to resurrect his direct negligence claims against USA Truck through a punitive damages claim.

In any event, an exception to the *McHaffie* Rule would not apply here. As explained below, Mr. Greene's Proposed Amended Complaint does not set forth sufficient facts to support an award of punitive damages against USA Truck. Mr. Greene's direct negligence claims "should be dismissed" where he fails to "set forth sufficient facts to legally support an award of punitive damages." *Hackett*, 736 F. Supp. at 10–11.

More, D.C. law disfavors punitive damages. *See Wanis v. Zwennes*, 364 A.2d 1193, 1195 (D.C. 1976). Punitive damages are available only for "tortious acts aggravated by evil motive, actual malice, deliberate violence or oppression, or for outrageous conduct . . . in willful disregard for another's rights." *Robinson v. Sarisky*, 535 A.2d 901, 906 (D.C. 1988) (cleaned up). And "[p]unitive damages may be assessed against a corporation if (1) the act of the corporate employee was intentional, malicious, or willful, and (2) the corporation through its officers or directors participated in the doing of the wrongful act or authorized or subsequently ratified the offending conduct with full knowledge of the facts." *Snow v. Capital Terrace, Inc.*, 602 A.2d 121, 127 (D.C. 1992).

The facts alleged in Mr. Greene's Proposed Amended Complaint fall short of this standard. To support his punitive damages claim against Mr. Grams, Mr. Greene points to Mr. Grams' checkered driving record and criminal history. Proposed Am. Compl. ¶ 41, ECF No. 23-5. These include three previous traffic accidents, a 1997 conviction for drunk driving, various traffic violations, and convictions for serious crimes—like burglary—in the early 1990s. *See id.* ¶¶ 30–31, 34; *see also* Criminal History, ECF No. 23-2. But the most serious of these infractions happened nearly two decades before he joined USA Truck in 2015.

Mr. Greene alleges that, given this history, Mr. Grams' decision to drive at all "evinces a willful and reckless disregard for the rights and safety of" other drivers. *See id.* ¶ 41. Not so. In *Komornik v. Sparks*, for example, the plaintiff was injured by a drunk driver who had several drunk driving convictions. 629 A.2d 721, 723–24 (Md. 1993). The Maryland Court of Appeals found that "[t]hree prior instances of [DUI], coupled with an afternoon of drinking on the day of the accident" did not alone establish a case for punitive damages. *See id.* at 726–31.

Under Mr. Greene's theory, it was *per se* reckless for Mr. Grams—or anyone with a similarly blotched record—to be driving at all. But that cannot be the law. Even with his history, Mr. Grams has a valid commercial driver's license, which requires more proficiencies than a standard driver's license, from the State of Minnesota. *See* Answer to Interrog. at 2, ECF No. 24-3. The Court will not second guess Minnesota's decision that Mr. Grams' *can* drive safely.

Of course, even licensed drivers may engage in conduct so outrageous that punitive damages are warranted. *See, e.g.*, *Conklin v. Schillinger*, 257 A.2d 187, 198 (Md. 1969) ("[T]here may be recovery of punitive damages in the event of an intentional, malicious injury in automobile cases"). But Mr. Greene has alleged no facts showing that Mr. Grams' conduct on the day of the accident was "outrageous" or done with "evil motive, actual malice, deliberate violence or oppression." *Robinson*, 535 A.2d at 906. True, Mr. Grams failed to stop at a red light. Proposed Am. Compl. ¶ 9; Answer at 1. But something more is necessary to warrant punitive damages, and Mr. Greene has pointed to no other evidence.

Mr. Greene's punitive damages claims against USA Truck are also deficient, so any exception to the *McHaffie* Rule does not apply. *See Hackett*, 736 F. Supp. at 10–11. [5] As Mr.

---

[5] Recall that Mr. Greene's punitive damages claims against USA Truck for negligent entrustment and negligent hiring fail to begin with because his direct negligence claims are dismissed under *Hackett*, 736 F. Supp. at 10–11,

7

Greene has not sufficiently alleged that Mr. Grams' tortious act was "intentional, malicious, or willful," USA Truck is not liable for punitive damages based only on Mr. Grams' conduct. *See Snow*, 602 A.2d at 127.

Mr. Greene alternatively argues that given Mr. Grams' record, USA Truck's decision to hire, retain, and entrust its vehicle to him warrants punitive damages because USA Truck "plainly knew or should have known based on [Mr.] Grams' extensive prior driving history . . . that he would drive for them with a willful and reckless disregard for [Mr. Greene] and safety of others." Mot. to Amend at 5. Not so.

USA Truck tried to determine Mr. Grams' fitness to drive before hiring him. And USA Truck's corporate representative testified that if the company knew about Mr. Grams' DUI and felony convictions, it likely would not have hired him. Lowry Dep. at 4–5, 9, ECF No. 23-3. But the Federal Motor Carrier Safety Act only requires motor carriers to investigate a driver's safety performance history for the preceding three years. *See* 49 C.F.R. § 391.23. USA Truck's hiring standards went beyond this baseline. It investigated Mr. Grams' driving record and criminal history for the preceding seven years. *See* Lowry Dep. at 4–5. Despite this more-than-required inquiry, nothing suggests that USA Truck learned about Mr. Grams' decades old DUI and felony convictions.

Mr. Greene cites no authority suggesting that a motor carrier acts with malice or with a reckless disregard for others' safe by failing to investigate an applicant's entire criminal history and driving record. Indeed, in *Hackett* the court determined that contending that an employer failed to investigate properly an employee's background was not enough to warrant punitive damages. *See* 736 F. Supp. at 10–11.

---

and "[a]n award of punitive damages cannot stand alone, unaccompanied by compensatory damages." *Bernstein*, 649 A.2d at 1073.

Nor has Mr. Greene cited authority suggesting that hiring someone whose only serious convictions are decades old necessarily qualifies as "outrageous, grossly fraudulent, or reckless toward" others' safety. And D.C. tort law militates against such a proposition. The District has mandated that employers should be circumspect about inquiring into an applicant's criminal history. *See* D.C. Code § 32-1341, *et seq.*

To be sure, USA Truck did know that Mr. Grams' driving record was not unblemished. In the seven years before USA Truck hired him, Mr. Grams had six citations for speeding and other traffic infractions. *See* Proposed Am. Compl. ¶¶ 10, 12. That record is troubling. Still, USA Truck's decision to hire Mr. Grams does not amount to malice or reckless disregard for others' safety. Indeed, Mr. Greene does not suggest that these infractions were enough to disqualify Mr. Grams' from driving under the FMCSA, *see* 49 C.F.R. § 383.51. And while Mr. Grams had a prior accident while driving for USA Truck, the company retained him only after requiring him to attend training. Grams Dep. at 9–10. There is simply no basis to assert that USA Truck acted with evil intent, actual malice, or with reckless disregard for the safety of other when it hired, retained and entrusted its truck to Mr. Grams.

It follows that Mr. Greene's Motion to Amend must be denied. Federal Rule of Civil Procedure 15(a) allows for liberal amendment of pleadings, "when justice so requires." Fed. R. Civ. P. 15(a). But if amendment would be futile, the Court may in its discretion deny such a motion. *See Vreven v. AARP*, 604 F. Supp. 2d 9, 13 (D.D.C. 2009). And amendment of a complaint is futile where the complaint as amended would "not survive a motion to dismiss or for judgment on the pleadings." *Jung v. Ass'n of Am. Med. Colls.*, 226 F.R.D. 7, 9 (D.D.C. 2005). Having found that Mr. Greene's proposed claims for punitive damages against the Defendants are legally insufficient, the Court finds that amendment would be futile.

## IV.

For all these reasons, it is hereby ORDERED that the Defendants' Motion for Partial Summary Judgment on Counts III and IV of the Plaintiff's Complaint, ECF No. 24, is GRANTED. It is further

ORDERED that Counts III and IV of the Plaintiff's Complaint are hereby dismissed. It is further

ORDERED that the Plaintiff's Motion to Amend, ECF No. 23, is DENIED.


Dated: June 6, 2019                                TREVOR N. McFADDEN
                                                   United States District Judge